CAROLINE J. LIEGEOIS, RESPONDENT, *v.* JOHN McCRACKAN, APPELLANT.

*Demurrer—an interlocutory judgment must be entered upon the decision of an issue of law—Code of Civil Procedure, § 1021.*

Where a demurrer interposed to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, is sustained, and leave is given to the plaintiff to amend his complaint within twenty days, on payment of the costs, an interlocutory judgment to that effect must be entered before the time, within which the plaintiff must amend his complaint, will commence to run.

Nor can a final judgment dismissing the complaint, with costs, be entered, until such an interlocutory judgment has been entered.

Where leave to enter the final judgment on the failure of the plaintiff to comply with the terms of the interlocutory judgment is not given by the decision, application for leave to enter it must be made as upon a motion.

APPEAL from an order denying a motion to set aside an interlocutory judgment entered herein, and for leave to the defendant to enter up a final judgment dismissing the plaintiff's complaint, with costs.

This action was brought to enforce the specific performance of an alleged contract, or in lieu thereof to recover a specific sum as damages for the breach of the same. The defendant demurred to the complaint on the ground that the facts stated therein did not constitute a cause of action. The demurrer was sustained by this court, and leave given to the plaintiff to amend her complaint within twenty days on payment of the costs. An order to this effect was, on January 20, 1880, entered, and a certified copy thereof, with notice of the filing of the original, was served on the plaintiff's attorney. The defendant's costs, were, on notice, taxed, and notice of their amount was served on the plaintiff's

attorney. The plaintiff appealed to the General Term of this court from that order. That appeal was, in February, 1880, dismissed by the General Term, on the ground that no appeal could be taken from an order overruling or sustaining a demurrer. The plaintiff, on March 20, 1880, entered an interlocutory judgment, and immediately thereafter served on the defendant's attorney a notice of appeal therefrom. This interlocutory judgment the defendant moved the court to set aside on the ground that the same was irregularly entered, and that no interlocutory judgment could be entered herein, and that the defendant have leave to enter final judgment of dismissal, which motion was denied. From that order this appeal is taken.

*William D. Veeder*, for the appellant.

*E. W. Page*, for the respondent.

GILBERT, J.:

The defendant demurred to the complaint on the ground that the same did not contain facts sufficient to constitute a cause of action. The issue of law thus raised was tried at Special Term, and the court decided that the demurrer should be sustained, with leave to the plaintiff to amend in twenty days on payment of costs. An order, dated January 22, 1880, was made conformably to that decision, and duly served, but no judgment was entered upon the decision at the instance of the defendant. The plaintiff did not avail herself of the leave to amend given her by the order, but after the expiration of twenty days from the service of the order she caused a judgment to be entered that the demurrer " be and the same hereby is sustained, with leave to plaintiff to amend her complaint within twenty days, on payment of the sum of $47.66, defendant's costs as adjusted." This is an appeal from an order denying a motion of the defendant to vacate and set aside the said judgment.

Upon the trial of a demurrer, the court is required to direct the final or interlocutory judgment to be entered thereupon. (Code Civ. Pro., § 1021.) . Such direction was not formally given in this case. But both parties have treated the order of January 22, 1880,

as such a direction; the plaintiff contending that it directed an interlocutory, and the defendant contending that it directed a final judgment. No legal effect can be given to the order referred to, otherwise than as a direction of some kind. Treating it as a direction to enter judgment, it became the duty of the clerk at once to enter a judgment in conformity therewith, namely, that the demurrer be sustained, and that the plaintiff have leave to amend, &c. Such a judgment is interlocutory, for a judgment must be interlocutory or a final determination of the rights of the parties. (Code Civ. Pro., § 1200.) And section 1021 of that Code expressly designates a judgment, which permits a party to plead anew or amend as an interlocutory one, and provides that when such a judgment is directed by the decision, the latter must also direct the final judgment to be entered, if the party in fault fails to comply, &c. These provisions clearly show that the practice which the Legislature intended in cases of this kind, was to substitute an interlocutory judgment for an order and to allow a final judgment to be entered only after a failure to comply with any of the directions given by the interlocutory judgment. It is urged that in case the party in fault complies with the terms imposed, no judgment at all will be necessary. The answer is that terms cannot be imposed otherwise than by an interlocutory judgment, and, therefore, there can be no failure to comply, until the period fixed for compliance by the interlocutory judgment has elapsed.

The decision in this case did not direct the final judgment to be entered. Application for such judgment must, therefore, be made as upon a motion. (Code Civ. Pro., § 1230.)

The order must be affirmed, with costs and disbursements.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order affirmed, with costs and disbursements.